## TRENERRY v. FRAVEL.

(Court of Appeals of District of Columbia. Submitted January 7, 1926. Decided February 1, 1926.)

No. 4283.

1. Pleading ⬥⟹428(7).

Objection to pleadings, as not broad enough for particular evidence, is waived by introduction of controverting evidence.

2. Appeal and error ⬥⟹231(3)—Objection to scraps of paper held not to raise question as to lack of proof of handwriting.

In action for alienation of wife's affection, where only objection to scraps of paper with writing on, which plaintiff testified might be a part of a letter from his wife to defendant, was objection "to * * * this mutilated paper writing," contention on appeal that writing was not shown to be in wife's handwriting would not be considered.

3. Appeal and error ⬥⟹231(3)—When objection to evidence, without statement of grounds therefor, sufficient, stated.

Mere objection to admission of evidence, without stating ground therefor, is not sufficient to sustain an assignment of error in appellate court, unless there are grounds which could not have been obviated, if specified.

4. Husband and wife ⬥⟹333(3)—Generally, statements of alienated spouse admissible in action for alienation of affection.

Generally, statements of alienated spouse may be received in evidence, in action for alienation of affection, to show state of mind.

Appeal from the Supreme Court of the District of Columbia.

Action by Omar H. Fravel against Harry E. Trenerry. Judgment for plaintiff, and defendant appeals. Affirmed.

E. C. Dutton and T. L. Jeffords, both of Washington, D. C., for appellant.

I. Q. H. Alward, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District of Columbia in an action by the appellee for alienation of the affections of his wife. [1] It is first contended that the averments of the declaration were not sufficiently broad to permit the introduction, over objection of the defendant, of evidence tending to show alienation. But this point was waived through the introduction by the defendant of evidence tending to controvert that to which objection had been made. In other words, it affirmatively appears that defendant's evidence fully covered this branch of the case. He is not now in a position, therefore, to urge that this was not an issue in the case, since it went to the jury upon conflicting evidence and was resolved against him.

[2] The only other assignment of error relates to the admission in evidence of scraps of paper, which the plaintiff testified he found in the trash can at his house, and which "are part of what might be a letter by the wife of plaintiff to the defendant," and contain the statement, "You know that I love you, don't you, Dear?" When this was offered in evidence, "defendant objected to admitting in evidence this mutilated paper writing." The contention now is that the record fails to show that this paper was in the handwriting of plaintiff's wife.

[3, 4] It is settled in this jurisdiction that a mere objection to the admission of evidence, without stating the ground therefor, is not sufficient to sustain an assignment of error in this court, unless there are grounds which could not have been obviated if specified. Wash. Gas Lt. Co. v. Poore, 3 App. D. C. 127; Scott v. Herrell, 31 App. D. C. 45; and Dixon v. Gt. Falls & O. D. R. Co., 43 App. D. C. 206, 215. The reason for this rule is obvious, and is well illustrated in the present case. The court and opposing counsel had a right to assume, from the character of this objection, that it was directed solely to the fact that the letter was mutilated. Had the objection indicated the ground now urged, counsel for plaintiff could have proceeded accordingly in respect of the introduction of evidence and the making up of the record. It is the general rule that such statements of the alienated spouse may be received in evidence to show the state of mind. Pugsley v. Smyth, 194 P. 686, 98 Or. 448, 461, 462; 30 C. J. 1139.

Judgment affirmed, with costs.

Affirmed.